UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFERY JON MILLS,<br><br>　　　　　　　Petitioner,<br><br>　v.<br><br>WARDEN, San Quentin State Prison,<br><br>　　　　　　　Respondent. | No. 2:17-cv-2195 WBS DB<br><br>DEATH PENALTY CASE<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a condemned state prisoner proceeding with a petition for a writ of habeas corpus under 28 U.S.C. § 2254. On March 15, 2019, the undersigned heard argument on petitioner's motion to amend the petition. Attorneys Deborah Czuba and Christopher Sanchez appeared for petitioner. Deputy Attorney General Sally Espinoza appeared for respondent. After hearing the arguments of counsel and reviewing the briefing, and good cause appearing, the court finds and orders as follows.

**BACKGROUND**

Petitioner initiated this action on October 20, 2017 by filing an application for a stay of execution and a request for the appointment of counsel. (ECF No. 1.) On January 9, 2018, this court appointed Federal Defender Services of Idaho as counsel for petitioner. (ECF No. 7.) At a case management conference on February 23, 2018, the parties agreed that the federal petition was due on September 13, 2018. (ECF No. 16.)

1

On June 24, 2018, the parties filed a stipulation regarding equitable tolling. (ECF No. 24.) They agreed that the statute of limitations should be equitably tolled through February 9, 2019. On February 8, 2019, petitioner filed his petition for a writ of habeas corpus. (ECF No. 25.) At the same time, petitioner filed a motion entitled Motion to Allow Amendment. (ECF No. 26.) Respondent filed an opposition (ECF No. 28) and petitioner filed a reply (ECF No. 29).

**ANALYSIS**

While petitioner identifies his motion as a motion to amend, the parties recognize that the issue before the court is equitable tolling since petitioner may amend the petition once as of right before the answer is filed. See Fed. R. Civ. P. 15(a); Rule 12, Rules Governing § 2254 Cases (Federal Rules of Civil Procedure apply to the extent they are not inconsistent with the habeas rules). This court addresses the equitable tolling issue below.

**I.     Legal Standards**

A habeas petitioner is entitled to equitable tolling of the one-year statute of limitations only if the petitioner shows: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). "[T]he statute-of-limitations clock stops running when extraordinary circumstances first arise, but the clock resumes running once the extraordinary circumstances have ended or when the petitioner ceases to exercise reasonable diligence, whichever occurs earlier." Luna v. Kernan, 784 F.3d 640, 651 (9th Cir. 2015) (citing Gibbs v. Legrand, 767 F.3d 879, 891–92 (9th Cir. 2014)). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999) (citations omitted). "The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'" Holland, 560 U.S. at 653 (internal citations and some quotation marks omitted). Nor does the court require "actual impossibility; rather, equitable tolling is appropriate where 'it would have technically been possible for a prisoner to file a petition, but a prisoner would have likely been unable to do so.'" Grant v. Swarthout, 862 F.3d 914, 918 (9th Cir. 2017) (emphasis in original) (quoting

Gibbs, 767 F.3d at 888). Petitioner bears the burden of alleging facts that would give rise to tolling, Pace, 544 U.S. at 418, and "[a] habeas petitioner ... should receive an evidentiary hearing when he makes 'a good-faith allegation that would, if true, entitle him to equitable tolling,'" Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006) (quoting Laws v. Lamarque, 351 F.3d 919, 921 (9th Cir. 2003)).

Equitable tolling should be applied sparingly. See Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009) ("To apply the doctrine in "extraordinary circumstances" necessarily suggests the doctrine's rarity . . . ."). Petitioner cites more recent Ninth Circuit authority which states that because the statute of limitations is not jurisdictional, there is "a presumption in favor of equitable tolling." Lee v. Lampert, 653 F.3d 929, 933 (9th Cir. 2011). This does not mean, however, that the burden shifts to respondent or that the standard for granting equitable tolling is somehow less strict. Rather, the court in Lee was simply explaining that there is a presumption that the doctrine of equitable tolling is applicable in § 2254 habeas cases. See Ofeldt v. Director, NDOC, No. 3:10-cv-0646 LRH VPC, 2013 WL 3428006, at *5 (D. Nev. July 8, 2013), aff'd, 603 F. App'x 619 (9th Cir. 2015); see also Holland, 560 U.S. at 645-46 (holding habeas statute of limitations is presumptively subject to the doctrine of equitable tolling).

**II.     Discussion**

First, the court addresses the parties' previous stipulation to equitable tolling through February 9, 2019. The court finds that based on the delay in appointing counsel, a situation outside of petitioner's control, that period of equitable tolling is justified. Therefore, petitioner's February 8, 2019 petition was timely.

With respect to petitioner's current argument for equitable tolling, petitioner argues that he is entitled to equitable tolling based on the government shutdown in late 2018 and early 2019. Petitioner shows that the partial government shutdown, which began on December 21, 2018 and continued for 35 days, ending on January 25, 2019 forced petitioner's counsel to cease investigations, travel, and incurring expenses during that time period. (See ECF No. 26 at 2-4.) Petitioner's counsel was forced to cancel investigative trips and was unable to pay experts or to collect records.

3

Petitioner's counsel argues that this funding situation continued through the period from January 25 through February 15, 2019, the three-week period when the government was only temporarily funded. According to petitioner, funding for investigations, expenses, and travel was also limited during this time period. He shows that, like other federal agencies, Federal Defender Services of Idaho operated during that time period with significant restrictions on travel and expenditures. Normal operations did not resume until after February 15, 2019, when the government passed a bill funding the entire fiscal year. Petitioner seeks equitable tolling of the statute of limitations for 90 days from February 15, 2019. Petitioner argues 90 days is necessary because his counsel was unable to plan and reschedule travel, and seek funding for travel, experts, and other expenditures, until after that date.

Respondent does not contest any of petitioner's factual assertions. And, respondent agrees that the government shutdown was an extraordinary circumstance that justifies equitable tolling. However, respondent argues that petitioner should only be entitled to equitable tolling for the 35-day period of the official government shutdown. In his opposition brief, respondent argues that beyond that date, petitioner was not faced with extraordinary circumstances.

When asked at the hearing why respondent found the 35-day period constituted an "extraordinary circumstance" but the following three-week period did not, respondent's counsel argued that petitioner's counsel had sufficient time prior to the shutdown to prepare the federal petition. However, respondent's counsel could not explain why that rationale applied to the three-week temporary funding period but not also to the 35-day period of the shutdown. Respondent's counsel simply stated that her office found that 35-day period "reasonable" for equitable tolling.

Reasonableness is not the standard for equitable tolling. Rather, the issue is whether petitioner has been diligent in preparing the petition and extraordinary circumstances beyond his control prevent timely filing. Respondent's do not contest petitioner's diligence; the only question is what constitutes an extraordinary circumstance. This court finds that petitioner has adequately shown that the 35-day period of the partial government shutdown was an

////

extraordinary circumstance and that, for purposes of preparing the petition, that circumstance continued through the three-week period of temporary funding.

Petitioner has not shown, however, that the extraordinary circumstance continued beyond February 15. Equitable tolling should cease when the "extraordinary circumstances" have ended. Luna, 784 F.3d at 651. That date was February 15. Accordingly, the statute of limitations commenced again on February 16. While the court is sympathetic to the difficulties petitioner's counsel faces in scheduling and obtaining funding, equitable tolling should be applied "sparingly" and petitioner fails to establish the time period after February 15 was extraordinary.

**CONCLUSION**

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Petitioner's motion to amend (ECF No. 26) be granted in part;
2. The court find petitioner is entitled to equitable tolling of the statute of limitations for the time period of the partial and temporary government shutdowns, amounting to 56 days; and
3. Respondent be instructed that he shall not file an answer until after the statute of limitations, considering the periods of equitable tolling, have expired.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 15, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9/DB/orders-capital/mills eq toll.or

5