UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFERY JON MILLS,<br><br>    Petitioner,<br><br>v.<br><br>RONALD DAVIS,<br><br>    Respondent. | No. 2:17-cv-2195 WBS DB<br><br><u>DEATH PENALTY CASE</u><br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

Petitioner is a condemned state prisoner proceeding on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the court is petitioner's motion to stay these proceedings and hold them in abeyance pending the California Supreme Court's resolution of petitioner's state habeas corpus petition. For the reasons set forth below, this court will recommend petitioner's motion be granted and this case be stayed.

**BACKGROUND**

In 1996, petitioner was convicted in Sacramento County Superior Court of first degree murder. He was sentenced to death. On March 1, 2010, the California Supreme Court affirmed the judgment and sentence. <u>People v. Mills</u>, 48 Cal. 4th 158 (2010). The United States Supreme Court denied certiorari on November 1, 2010. <u>Mills v. California</u>, 562 U.S. 1006 (2010).

On November 29, 2010, petitioner filed a habeas petition with the California Supreme Court. <u>In re Mills</u>, No. S188459 (<u>see</u> ECF No. 22-2). On April 22, 2013, he filed an amended

petition in that action. (See ECF No. 22-4.) The California Supreme Court denied the amended petition on October 11, 2017. (See ECF No. 22-22.)

Petitioner initiated this action on October 20, 2017 by filing applications for a stay of execution and for the appointment of counsel. (ECF No. 1.) On January 9, 2018, the court appointed Federal Defender Services of Idaho as counsel for petitioner. (ECF No. 8.) On June 7, 2018, respondent lodged an electronic copy of the state court record. (ECF Nos. 19-22.)

On April 12, 2019, petitioner filed a first amended petition. (ECF No. 32.) In a joint statement filed June 13, 2019, the parties identified as unexhausted numerous issues in the first amended petition. (ECF No. 37 at 2-5.) On August 1, 2019, petitioner filed a motion to stay these proceedings pending the state court's resolution of a petition for writ of habeas corpus on his unexhausted claims. (ECF No. 39.) Respondent opposes the motion (ECF No. 40) and petitioner filed a reply (ECF No. 41). This court finds oral argument on the motion unnecessary.

## MOTION FOR STAY/ABEYANCE

### I. General Legal Standards

It is well established that a federal court may not "adjudicate mixed petitions for habeas corpus, that is, petitions containing both exhausted and unexhausted claims." Rhines v. Weber, 544 U.S. 269, 273 (2005) (citing Rose v. Lundy, 455 U.S. 509, 518-19 (1982)). Historically, federal courts dismissed mixed petitions. See Rose, 455 U.S. at 522; Rhines, 544 U.S. at 274. In 2005, the Supreme Court considered the propriety of staying a mixed petition. In Rhines, the Court held that stay and abeyance of a mixed petition is available in "limited circumstances" when "the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." 544 U.S. at 277. Even if a court finds good cause, however, a stay is inappropriate if the unexhausted claims are "plainly meritless" or petitioner has engaged in "abusive litigation tactics or intentional delay." Id. at 278. Under Rhines, then, a federal court may stay a petition containing exhausted and unexhausted claims if the following conditions are met: (1) "the petitioner had good cause for his failure to exhaust," (2) "his unexhausted claims are potentially meritorious," and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id. Each of the Rhines factors is addressed below.

2

## II. Analysis

### A. Good Cause

#### 1. Legal Standards

"Good cause" under Rhines is not clearly defined. The Supreme Court has explained that in order to promote the Anti-terrorism and Effective Death Penalty Act's ("AEDPA") twin goals of encouraging the finality of state judgments and reducing delays in federal habeas review, "stay and abeyance should be available only in limited circumstances." Rhines, 544 U.S. at 277. The Ninth Circuit has provided little guidance beyond holding that the test is less stringent than an "extraordinary circumstances" standard. Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005). In 2008, the Ninth Circuit warned that the good cause standard should not be so easy to meet that it renders "stay-and-abey orders routine" and runs "afoul of Rhines and its instruction that district courts should only stay mixed petitions in 'limited circumstances.'" Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008) (petitioner did not show good cause by arguing that he was "under the impression" that his counsel had raised all claims before the state court of appeal).

In 2014, the Ninth Circuit clarified that "[t]he good cause element is the equitable component of the Rhines test," and that although "a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will." Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014). Further, in Blake, the court retreated from the implication in Wooten that an excuse that is a common occurrence could not constitute good cause. The court in Blake held that good cause should not be measured by "how often the type of good cause [the petitioner] asserted could be raised." Id. at 981.

In Blake, a habeas petitioner filed a motion for stay and abeyance under Rhines to exhaust an ineffective assistance of counsel claim based on his trial counsel's alleged failure to discover and present evidence of petitioner's abusive upbringing and history of mental illness. Id. at 979. The petitioner argued that he had good cause for failing to exhaust the ineffective assistance claim because he had received ineffective assistance of counsel during his state post-conviction proceedings. Id. Specifically, the petitioner argued that his state post-conviction counsel failed to

////

3

discover the same evidence of abuse and mental illness underlying his ineffective assistance of trial counsel claim. Id.

In that context, the Ninth Circuit held:

> The good cause element is the equitable component of the Rhines test. It ensures that a stay and abeyance is available only to those petitioners who have a legitimate reason for failing to exhaust a claim in state court. As such, good cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify that failure. An assertion of good cause without evidentiary support will not typically amount to a reasonable excuse justifying a petitioner's failure to exhaust.

Blake, 745 F.3d at 982.

The Ninth Circuit determined that the petitioner in Blake submitted sufficient evidence to support his argument that he received ineffective assistance of counsel during his state post-conviction proceedings. Blake, 745 F.3d at 982-83. Specifically, the petitioner's federal post-conviction counsel had compiled evidence of petitioner's abusive upbringing and history of mental illness, including a declaration from a private investigator and thirteen declarations from petitioner's family and friends. Id. The Ninth Circuit concluded that the district court abused its discretion when it found that petitioner failed to establish good cause because petitioner's showing "was not a bare allegation of state post-conviction IAC, but a concrete and reasonable excuse, supported by evidence that his state post-conviction counsel failed to discover, investigate, and present to the state courts the reasonably available evidence of Blake's upbringing and compromised mental condition." Id. at 983.

**2. Has Petitioner Shown Good Cause?**

Petitioner argues he has established good cause based on the ineffectiveness of state habeas counsel. As described above, the Ninth Circuit in Blake held that a petitioner's concrete and reasonable showing that his state habeas counsel failed to raise claims that were reasonably available at that time was sufficient to establish good cause for the failure to raise the claims previously.

One of the defense's focuses at the penalty phase was petitioner's "turbulent, dysfunctional, and often violent childhood." Mills, 48 Cal. 4th at 198. Petitioner's mother

4

testified about petitioner's stepfather, Bill Glaneman's, physically and sexually assaultive conduct toward her and toward defendant and about other hardships defendant faced. There was other testimony as well about the abuse defendant suffered at the hands of Glaneman.

In response to this testimony, the prosecutor questioned petitioner's mother and other witnesses about whether they had any police reports or other evidence regarding the domestic violence incidences described. (See ECF No. 20-21 at AGO013002; ECF No. 20-23 at AGO013654, AGO013729-30.) In closing argument, the prosecutor noted the lack of evidence to support the testimony that Glaneman beat petitioner: "There's no pictures whatsoever of Jeffery Mills with any kind of bruise, any kind of injury; nothing. There's no record that he ever had any injuries. Nothing. No CPS reports." (ECF No. 20-25 at 14318.)

In his first amended petition, petitioner raises a claim regarding trial counsel's failure to investigate and present evidence of petitioner's stepfather's history of violence and a claim of prosecutorial misconduct for failing to provide the defense with documentation of that history of violence. (See ECF No. 32 at 206-17, 438-40.) Petitioner contends his state habeas attorney was ineffective when she failed to raise these claims and present available evidence to support them. To support these claims, petitioner provides a long list of Glaneman's arrests and criminal conduct. (See ECF No. 32 at 187-193.) In addition, petitioner provides some documentary evidence showing criminal reports of Glaneman's conduct (ECF No. 39 at 9; ECF No. 32 at 428, 440).

Respondent counters that petitioner "fails to demonstrate what it is about these claims that could not have been presented before the conclusion of his state post-conviction proceedings." (ECF No. 40 at 4.) Respondent misses the point of petitioner's argument. Petitioner is arguing just that – that his state habeas counsel should have known of this evidence and should have presented it to the California Supreme Court in support of claims of ineffective assistance of counsel of trial counsel and prosecutorial misconduct.

Respondent also argues that petitioner's state habeas counsel may very well have known of these claims but chosen to state other, better claims. Respondent also indicates that petitioner must present a declaration of state habeas counsel to show counsel did not have a strategic reason

5

for omitting these claims. However, respondent cites no authority for the proposition that one certain type of evidence is required to support a finding of good cause under Rhines. As set out above, petitioner has provided some evidence to support his contentions. That is sufficient for purposes of Rhines.

Courts in this circuit have found good cause based on a similar showing. See Leonard v. Davis, No. 2:17-cv-0796 JAM AC DP, 2019 WL 1772390, at *2 (E.D. Cal. Apr. 23, 2019) (petitioner's showing that state counsel had access to the same records that federal habeas counsel had but failed to procure and use those records to support an Atkins claim was sufficient under Rhines), rep. and reco. adopted, 2019 WL 2162980 (E.D. Cal. May 17, 2019); Bunyard v. Davis, No. 2:15-cv-1790 WBS AC DP, 2018 WL 6065389, at *3 (E.D. Cal. Nov. 20, 2018) (allegations that state post-conviction counsel performed deficiently in failing to identify or develop a claim are adequate under Rhines), rep. and reco. adopted, 2019 WL 134564 (E.D. Cal. Jan. 7, 2019); Cruz v. Mitchell, No. 13-cv-2792-JST, 2015 WL 78779 (N.D. Cal. Jan. 5, 2015) (petitioner's showing that current counsel uncovered evidence of jury misconduct that could have been uncovered, and raised, by state habeas counsel is sufficient showing of ineffective assistance of counsel for Rhines stay); Ramos v. Chappell, No. C 05-3752 SI, 2014 WL 6065660 (N.D. Cal. Nov. 12, 2014) (declaration of state post-conviction counsel that he had no strategic reason for failing to raise claims was a "reasonable excuse supported by evidence" and established good cause under Rhines).

This is not a situation, like that in which courts have denied stays, where a petitioner makes conclusory arguments and presents no evidence to support his contention that state habeas counsel acted unreasonably. See Jauregui v. Jones, No. CV 16-1711 DSF (RAO), 2016 WL 4257147, at *3 (C.D. Cal. July 7, 2016), rep. and reco. adopted, 2016 WL 4251572 (C.D. Cal. Aug. 9, 2016); Wizar v. Sherman, No. CV 15-03717-PSG (KES), 2016 WL 3523837, at *4 (C.D. Cal. May 19, 2016), rep. and reco. adopted, 2016 WL 3511781 (C.D. Cal. June 27, 2016); Barrera v. Muniz, No. 2:14-cv-2260 JAM DAD P, 2015 WL 4488235, at *3 (E.D. Cal. July 23, 2015), rep. and reco. adopted, 2015 WL 6736813 (E.D. Cal. Nov. 4, 2015). This court finds petitioner has made a sufficient showing that his state habeas counsel was ineffective to

support a finding of good cause for his failure to raise the unexhausted claims in his first state habeas petition.

**B. An Unexhausted Claim is Potentially Meritorious**

The second Rhines factor is determining whether an unexhausted claim is "potentially meritorious." Petitioner need only show that <u>one</u> of his unexhausted claims is not "plainly meritless." Dixon v. Baker, 847 F.3d 714, 722 (9th Cir. 2017). A claim meets this standard unless "'it is perfectly clear that the petitioner has no hope of prevailing.'" Id. (quoting Cassett v. Stewart, 406 F.3d 614, 624 (9th Cir. 2005)). Respondent does little to argue that petitioner's unexhausted claims lack merit. He contends that the state court will likely dismiss petitioner's claims on procedural grounds. Whether or not that is so, the Ninth Circuit made clear in Dixon that the federal court should not usurp the state court's right to first address the merits of a "colorable federal claim." Id.

A review of petitioner's claims shows that they are certainly "colorable" and not "hopeless." See Cruz, 2015 WL 78779, at *3 (petitioner's unexhausted claims are potentially meritorious where they are not "vague, conclusory, or patently frivolous;" and they are "well-supported by specific averments and numerous exhibits" and by legal authority). For example, petitioner's allegations that his trial attorney failed to present significant evidence to back up the penalty phase testimony of petitioner's mother are not patently frivolous. Petitioner shows that his trial attorney could have uncovered this evidence and, had he done so, that evidence would have provided needed support for petitioner's penalty phase case. This court finds petitioner has adequately established that an unexhausted claim is potentially meritorious for purposes of a Rhines stay.

**C. No Intentionally Dilatory Tactics**

The final Rhines factor is considering whether petitioner has engaged in "intentionally dilatory tactics." There is little case law defining this standard. Respondent argues petitioner should have moved for a stay when he filed his petition. Petitioner filed his first amended petition on April 12, 2019. (ECF No. 32.) He filed his motion to stay these proceedings less than four months later. Respondent cites no authority for his exaggerated statement that this four-

month period "exemplifies [petitioner's] desire to draw out the proceedings" (ECF No. 40 at 7.) Nor does respondent present any authority for the proposition that a petitioner must seek a stay at the time he files his federal petition or immediately thereafter. The court finds that petitioner did not unreasonably delay in seeking a stay. This factor also weighs in favor of granting petitioner's motion.

**CONCLUSION**

For the reasons set forth above, the court finds: (1) petitioner has established good cause for a stay of these proceedings based on his showing that state habeas counsel could have, but failed to, raise unexhausted claims; (2) at least one of petitioner's unexhausted claims is potentially meritorious; and (3) there is no indication petitioner has acted in an intentionally dilatory fashion.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's April 21, 2017 Motion for Stay/Abeyance (ECF No. 39) be granted;
2. Petitioner be ordered to file an exhaustion petition in the appropriate state court within forty-five days of a final order on his motion for a stay; and
3. This case be stayed and held in abeyance pending the California Supreme Court's resolution of petitioner's exhaustion petition.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 4, 2019

DLB:9/DB/orders.capital/Mills mot to stay.fr

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE